UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IRINA COLLIER,<br><br>            Plaintiff,<br><br>      v.<br><br>CHARLES COLLIER, et al.,<br><br>            Defendants. | Case No.  25-cv-05224-EKL<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

Self-represented Plaintiff Irina Collier filed this action against her husband and related trust fund entities for alleged misconduct against her son and for failure to pay child support. *See* Complaint, ECF No. 1. The Court screened the complaint pursuant to 28 U.S.C. § 1915 and dismissed it for lack of subject matter jurisdiction. Order, ECF No. 9. The Court granted leave to amend, giving Plaintiff an opportunity to allege additional facts or alternative legal theories that might allow the case to proceed in federal court. *See id.* at 3. Now before the Court is Plaintiff's amended complaint. *See* ECF No. 13. For the following reasons, the amended complaint is DISMISSED without leave to amend for lack of subject matter jurisdiction.

The amended complaint asserts substantially the same theory as before – that Plaintiff's husband kidnapped her son, and that he has acted against the child's best interests. *See* Amended Complaint. The complaint reasserts violations of the Uniform Interstate Family Support Act ("UIFSA") and the Child Support Recovery Act ("CSRA"). *Id.* at 2, 4. As previously explained, neither law creates a private right of action. *See* Order at 2. The amended complaint adds references to the First Amendment, the Thirteenth Amendment, and the Anti-Peonage Act of 1867. *See* Amended Complaint at 2-3. However, these authorities also do not authorize civil claims against private parties like the Defendants in this case.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1        The Court understands that Plaintiff is trying to protect her son's interests, but Plaintiff has

2  not identified a legal basis for pursuing this goal in federal court.  Thus, the amended complaint

3  must be dismissed without leave to amend.  In making this determination, the Court considers

4  factors such as "undue delay, bad faith or dilatory motive on the part of the [Plaintiff], repeated

5  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

6  party by virtue of allowance of the amendment, and futility of amendment."  *Foman v. Davis*, 371

7  U.S. 178, 182 (1962).  The Court also considers "the number of times the plaintiff has already

8  been allowed to amend."  *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

9        Here, amendment would be futile.  Plaintiff failed to cure pleading deficiencies after the

10  Court previously granted leave to amend.  *See* Order at 2-3 (noting lack of federal question,

11  diversity, and mandamus jurisdiction, and granting leave to amend).  Plaintiff still has not

12  identified any legal theory that could support a claim in federal court.  *Kroessler v. CVS Health*

13  *Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to

14  withstand dismissal as a matter of law, courts consider amendment futile."); *see also Lamoon, Inc.*

15  *v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010).  This failure to cure pleading

16  deficiencies indicates that further leave to amend would be futile.  *Zucco Partners, LLC v.*

17  *Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that

18  failure to correct pleading deficiencies after dismissal is a "strong indication" that further

19  amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

20  2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the

21  plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*,

22  90 F.3d 351, 355 (9th Cir. 1996))).

23        Accordingly, this case is dismissed without prejudice, but without leave to amend, for lack

24  of subject matter jurisdiction.  The Clerk of Court shall close the file in this matter.

25        **IT IS SO ORDERED.**

26  Dated: January 14, 2026

27

28

                                              Eumi K. Lee
                                            United States District Judge